

December 01, 2023

*Via Personal Delivery*

Hon. Eric R. Komitee
225 Cadman Plz E
Dept. 6G North
Brooklyn, NY 11201-1832

     **Re:**    *United States v. Aylo Holding S.a.r.l.*, 1:23-cr-00463-EK-1

Dr. Judge Komitee,

We represent more than 130 women who have been identified by the Department of Justice as victims of the criminal conduct of Aylo Holding S.a.r.l., formerly known as "Mindgeek S.a.r.l.," in this case. Aylo, which operated PornHub, partnered with the GirlsDoPorn sex trafficking organization to promote, publish, and monetize videos of my clients which were obtained by force, fraud, and coercion. Aylo's partnership with GirlsDoPorn and mass distribution of these illegal videos absolutely devastated the lives of my clients.

Yesterday, the Court held a hearing to notify the parties of a conflict of interest that exists due to Your Honor's relationship with Aylo's defense counsel, Eric Corngold.[1] Your Honor indicated Mr. Corngold was your former colleague, former supervisor, mentor, friend, guest teacher at a law school class Your Honor teaches, and someone that Your Honor has lunch or dinner with on a regular basis. The Court also indicated that the parties should expect this relationship to continue throughout the duration of the case, which is expected to last at least three years.

As Your Honor alluded to during the hearing, the Code of Conduct for United States Judges provides that a judge shall disqualify himself in a proceeding in

---

[1] Although the Crime Victims' Rights Act, 18 U.S.C. § 3771(a)(2), provides that our clients have "the right to reasonable, accurate and timely notice of any public court proceeding," our clients did not receive any notice of the hearing. We only learned of the hearing by chance when we looked at the Court's calendar and saw that there was a teleconference scheduled with the parties with a notation that no court reporter was necessary.

171 Saxony Road, Suite 203 | Encinitas, CA 92024 | p. 858.433.2001 | f. 888.483.3323 | www.holmlawgroup.com

Hon. Eric R. Komitee
December 01, 2023
Page 2 of 3

___

which the judge's impartiality might reasonably be questioned. See, Code of Conduct for United States Judges Canon 3(C)(1).

On behalf of all victims, we respectfully ask the Court to disqualify itself and allow another judge in the Eastern District of New York to preside over the matter which will require considerable judicial oversight.[2] We understand the proposed deferred prosecution agreement requires this Court to decide restitution requests for more than 400 victims and contemplates the Court supervising a corporate monitor at Aylo for the next three years.

Considering the impact Your Honor presiding over this case has on Aylo's victims is particularly important because the victims have been fighting for years to recover from this vile crime, and having their day in Court with Aylo is a large part of that recovery. Years later, many of them are still suffering from suicidal ideations and are being committed out of concern for their welfare. Indeed, just two days ago, I was researching inpatient trauma facilities for a client that recently attempted suicide. We kindly ask the Court to put itself in the shoes of the victims and imagine how it will feel when they learn the judge overseeing the criminal case against Aylo is a close friend of Aylo's lead criminal defense attorney.

It does not matter if Your Honor's decisions in this case are impartial. When it comes to Code of Conduct for United States Judges Canon 3(C)(1), the *appearance* of impartiality is what matters, and the appearance of a conflict erodes the public's trust in our judicial system and will cause the victims to question whether the case is being handled on a level playing field.

The impact of Your Honor presiding over this case will have on the victims will be exacerbated because Aylo's legal woes have garnered significant attention from the mainstream media, including the New York Times, Wall Street Journal, and The New Yorker. Journalists covering the story will undoubtedly raise questions about the relationship between Your Honor and Aylo's defense counsel. This will be devastating for victims to read.

___

[2] We recognize the U.S. Attorney's Office indicated that the Government was comfortable with the Court handling this matter. However, that representation was made without any input from the victims, notwithstanding the victims' right to confer with the attorney for the Government. 18 U.S.C. § 3771(a)(5). If we had been provided advance notice of the hearing and been fully informed of the issue, we would have asked the U.S. Attorney's Office to request that another judge be assigned handle this matter.

Hon. Eric R. Komitee
December 01, 2023
Page 3 of 3

---

At the conclusion of yesterday's hearing, the Court indicated it would be giving further consideration to the matter before deciding whether to keep the case. On behalf of all victims, we respectfully ask that the Court have this matter assigned to another judge *sua sponte*.

Sincerely,

Brian M. Holm, Esq.

BMH/if

cc (email only): Tara McGrath (*Tara.McGrath@usdoj.gov*), Hiral Mehta (*Hiral.Mehta@usdoj.gov*), Eric Corngold (*ecorngold@fklaw.com*), and Jeffrey Wang (*jwang@fklaw.com*)